# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ex rel. | ) | |
| **JOSEPH MONTGOMERY** (K-59651), | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 1923 |
| | ) | |
| **KIM BUTLER**, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

More than 6-1/2 years have elapsed between July 22, 2008, which Joseph Montgomery ("Montgomery") reports as his date of conviction of first degree murder enhanced by the discharge of a firearm (Montgomery is now serving an aggregate 75-year sentence on those offenses), and the February 11, 2015 date on which he presumptively filed his self-prepared Petition for Writ of Habeas Corpus ("Petition")[1] under 28 U.S.C. § 2254[2] invoking asserted constitutional-level grounds for relief. Nevertheless, as the ensuing discussion reflects, this Court has made a threshold determination that Montgomery appears to have gotten in well under the wire in terms of the one-year limitations period established by Section 2244(d).

Petition Pt. I ¶ 3(A) reports that the Illinois Appellate Court affirmed Montgomery's conviction and sentence on November 17, 2010, and id. ¶ 4(A) states that leave to appeal to the Illinois Supreme Court was denied on January 26, 2011. Clay v. United States, 537 U.S. 522

---

[1] February 11 is the date on which Montgomery signed the Petition. Although that may not qualify as the "filing" date under the "mailbox rule" applicable under Houston v. Lack, 487 U.S. 266 (1988) (the Petition did not arrive in the Clerk's Office until March 2), the number of days one way or another is not critical here.

[2] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

(2003) teaches that another 90 days -- the time for filing a petition for certiorari to the United States Supreme Court under Section 2101(c) -- is added even if no such filing has been made. Hence the limitations clock began ticking on April 28, 2011.

Petition Pt. II reports that Montgomery then sought state post-conviction relief to a November 1, 2011 filing in the Cook County Circuit Court, at which point 6 months and 7 days had run on the one-year limitations clock. But that filing brought into the play the tolling provision of Section 2244(d)(2), which remained in effect while the petition for state post-conviction relief was "pending" -- a term of art covering the period, often lengthy, while the application was wending its way through the state court legal system. That period was indeed lengthy in this case: It was not until March 25, 2014 that the Illinois Appellate Court issued its order affirming dismissal of that petition in Case No. 1-12-0584 (reported at 2014 IL App (1st) 120583-U).

Because the state post-conviction petition remained "pending" until the Illinois Supreme Court denied leave to appeal on September 24, 2014 (reported in table at 20 N.E.3d 1260), the limitations clock under Section 2244(d)(1) resumed ticking on the following day (there was no add-on extension at that stage for a not-applied-for filing seeking certiorari -- cf. Lawrence v. Florida, 549 U.S. 327 (2007)). So another 4 months and 20 days ran on the clock before the current petition was filed. Hence, as stated earlier, Montgomery has beaten the limitations bar by a full month or so.

That then allows this Court to turn to Montgomery's Petition as such. Although Petition Part III has set up no fewer than seven asserted grounds for relief, it is accompanied by a handprinted "Petitioner's Motion To Stay the Writ of Habeas Corpus Proceedings" on the ground that Montgomery has filed a second post-conviction petition in the state court system, so that he

seeks to bring this action to a halt while he pursues that remedy. Although Montgomery has done his homework enough to cite <u>Tucker v. Kingston</u>, 538 F.3d 732 (7th Cir. 2008) as the predicate for such a stay, the stay and abeyance procedure discussed there (a procedure that this Court has followed on occasion in the past where appropriate) is designed for use in connection with Section 2254 petitions where prisoners "are unsure about whether they have properly exhausted state remedies" (<u>id.</u> at 735, citing <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416 (2005) or in connection with mixed Section 2254 petitions containing some unexhausted state remedies as well as some exhausted ones.

Here there is no indication that any of Montgomery's seven current grounds are unexhausted at the state level and are therefore unripe for federal disposition, nor does he provide any explanation as to the new grounds that he seeks to advance in his second state post-conviction effort. At least as importantly, it is not yet possible to determine whether any of his current grounds are even arguably viable, a subject as to which the Illinois Attorney General's Office is entitled to provide input. Accordingly the motion for a stay is denied, and in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts this Court orders respondent Warden Kim Butler "to file an answer, motion, or other response" to the existing Petition on or before June 2, 2015.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 17, 2015

- 3 -