**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ex rel. **JOSEPH MONTGOMERY** (K-59651), | ) ) ) | |
| Petitioner, | ) ) | Case No. 15 C 1923 |
| v. | ) ) ) | |
| **KIM BUTLER**, Warden, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM ORDER

Last week 28 U.S.C. § 2254[1] petitioner Joseph Montgomery ("Montgomery"), who is serving an aggregate 75-year sentence as the consequence of his July 22, 2008 conviction of first degree murder enhanced by the discharge of a firearm, filed a motion [Dkt. 9] for reconsideration of this Court's March 17, 2015 memorandum opinion and order ("Opinion I") that rejected Montgomery's request for the adoption of a stay and abeyance procedure by reason of his filing of a second petition for post-conviction relief in the state court system. But Montgomery has obviously not thought through the matter fully,[2] and more reasoned analysis clearly calls for rejection of his motion for reconsideration.

---

[1] Further references to provisions of Title 28 will simply take the form "Section --" omitting the prefatory "28 U.S.C. §."

[2] Ordinarily no criticism along those lines would be lodged against a pro se petitioner who is not lettered in the law -- most particularly , who is understandably unfamiliar with the operation of the one-year limitations period established by Section 2244(d). But Opinion I and this Court's ensuing comprehensive March 19 memorandum opinion and order ("Opinion II") have provided Montgomery with a detailed explanation of the timeliness of his current Section 2254 petition and of the fact that his recently-lodged second state court post-conviction application continues that timeliness as to any second federal habeas petition that he may seek to file if the state courts reject that second state court effort.

To that end it is necessary to look at the factual matrix in which Montgomery is operating to see why a stay and abeyance approach is not appropriate here. Opinion I explained carefully why Montgomery's Section 2254 federal petition, although filed more than 6-1/2 years after his conviction, still qualified for this Court's consideration despite the brevity of the one-year limitations period. That was in substantial part because Montgomery's first state court post-conviction proceeding took nearly three years to wend its way through the state courts: all the way from its November 1, 2011 filing in the Circuit Court of Cook County to the September 24, 2014 date of the Illinois Supreme Court's denial of leave to appeal from the Illinois Appellate Court's affirmance of the state trial court's dismissal of the state petition.

Relatedly it is important to note, as Opinion I at 2-3 explained, that because Montgomery had filed his second state post-conviction petition <u>before</u> his federal petition was filed in this District Court, a further tolling period that stemmed from that second state court filing has kicked in on its February 11, 2015 filing date in the Circuit Court of Cook County and has continued in effect ever since. That in turn has meant that the limitations clock resumed ticking after a lapse of 4 months and 16 days (from September 25, 2014 through February 10, 2015), which should be added to the 6 months and 7 days (Opinion I at 2) that had run on the one-year limitations clock before the second state court petition triggered the resumption of the Section 2244(d)(2) tolling provision. And that total of 10 months and 23 days leaves about 1 month and 7 or 8 days that will remain within which to institute another Section 2254 effort after the Illinois courts finally dispose of the second state court post-conviction petition.[3]

---

[3] Because what has been said here has relied on Montgomery's self-reporting of the relevant dates, he should verify those dates and the resulting calculations for himself.

In summary, then, Montgomery would appear to have ample time, if the state courts reject his current post-conviction effort to advance another Section 2254 petition in the federal courts raising those new issues. To be sure, under Section 2244(b)(2)(3) that second Section 2254 petition would have to be presented to and authorized by our Court of Appeals first, but it is far more sensible for this Court to have followed that course than to have left the seven already-fully-exhausted grounds for relief presented in Montgomery's initial Section 2254 petition gathering dust, rather than their being dealt with as they have been in Opinion II. And note as well that a stay and abeyance procedure would have posed to this Court the same questions (such as why it should have taken Montgomery so long to have recognized and presented the new grounds tendered in his second state post-conviction petition), as to which our Court of Appeals would have the last word in any event.

No suggestion has been made by Montgomery as to how he or the justice system would be better served by requiring his initially presented seven grounds for relief (which Opinion II has found to be without merit) to lie fallow and unresolved during whatever period -- unquestionably an extended one -- will be required for his newly-advanced grounds to work their way through the Illinois court of first resort, then the Illinois Appellate Court and ultimately the Illinois Supreme Court (the latter via an appeal or a denial of leave to appeal). Montgomery's motion for reconsideration is denied.

                                                                                                      _____
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: April 7, 2015