**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. JOSEPH MONTGOMERY (K-59651), | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 15 C 1923 USCA Case No. 15-1854 |
| KIM BUTLER, Warden, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM ORDER

Most recent among the several opinions that this Court has written to address the Petition for a Writ of Habeas Corpus ("Petition") that had been filed by pro se petitioner Joseph Montgomery ("Montgomery") was a June 8, 2015 memorandum order that dealt with Montgomery's motion to proceed in forma pauperis ("IFP") on his appeal from this Court's earlier dismissal of the Petition. That June 8 order was limited to the calculation called for by 28 U.S.C. § 1915 ("Section 1915") as to Montgomery's required installment payments toward the $505 in appellate docketing and filing fees attributable to his appeal.[1]

Because of the limited scope of the June 8 order, it did not expressly speak to the question whether Montgomery's motion to proceed IFP should be dealt with in other respects. In this instance this Court's issuance of its March 17 and March 19 opinions, as well as its brief April 7 memorandum order that rejected Montgomery's motion for reconsideration, have all

---

[1] That approach is based on this Court's understanding that Section 1915(b)(1) specifies that the mere act of filing an appeal by a prisoner who seeks to proceed in forma pauperis triggers the obligation to pay the full amount of a filing fee, even though the appeal may fail at the outset.

sought to make it plain that Montgomery's Petition was so meritless that it had to be viewed as frivolous in the legal sense. That same view ultimately led to this Court's issuance of its April 24 memorandum that denied Montgomery a certificate of appealability "because of the absence of any issue or issues posed by Montgomery that identified the showing required by 28 U.S.C. § 2253(c)" -- a ruling that was coupled with a statement that Montgomery could seek such a certificate of appealability from the Court of Appeals under Fed. R. App. P. 22.

In short, all of this Court's prior rulings dealing with the Petition have plainly reflected its view that Montgomery's motion for IPF status is without merit, although this Court has not had occasion to address that subject head on. But this Court's most recent computer-generated printout of a Motions Report that lists all motions pending in cases assigned to its calendar -- a printout that it regularly obtains at intervals a week to ten days apart -- includes that Montgomery motion [Dkt. 20] for the first time.[2] To dispel any possible uncertainty on the subject, this Court denies Montgomery's Dkt. 20 motion for leave to appeal IFP.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 15, 2015

---

[2] It had not been listed in the immediate predecessor to the current printout -- a June 1 printout.